UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-03518-ODW-AS | Date | June 24, 2025 |
|---|---|---|---|
| Title | *Abraham Moses v. State of California Attorney General* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE UNDER WHY THIS COURT SHOULD NOT DISMISS THE PETITION UNDER YOUNGER V. HARRIS**

On April 21, 2025, Abraham Moses ("Petitioner"), a California pretrial detainee in the custody at the Pitchess Detention Center North Facility in Castaic, California, who is proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"). (Dkt. 1). Petitioner is awaiting trial for attempted murder in Los Angeles County Superior Court Case No. 24VWCF01950. (Id. at 2).[1]

The Petition is somewhat difficult to decipher. It is addressed to the Los Angeles County Superior Court and appears to raise a single claim that Petitioner is being held without due process and in violation of his right to a speedy trial because he falsely has been found incompetent to stand trial. (Dkt. 1 at 1, 3). Petitioner also alleges that various officials involved with his trial proceedings have violated California's Racial Justice Act, Cal. Penal Code § 745(a). (Id. at 2, 7). Petitioner states that he expects to be released "immediately and made whole again." (Id. at 2).

Because Petitioner is not in custody pursuant to a judgment of a state court, the Court has construed the Petition as arising under 28 U.S.C. § 2241, which is "available for challenges by a state prisoner who is not in custody pursuant to a state court judgment [such as] a defendant in pre-trial detention." Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) (citation omitted).

\* \* \*

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts permits this Court to "apply any or all of these rules" to habeas corpus petitions—even those not filed pursuant to 28 U.S.C. § 2254. See Rule 1(b), 28 U.S.C. foll. § 2254. Rule 4 requires a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled

---

[1] The Court herein refers to the pages of the Petition by the Court's electronic case filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-03518-ODW-AS | Date | June 24, 2025 |
|---|---|---|---|
| Title | *Abraham Moses v. State of California Attorney General* | | |

to relief in the district court. . . ." See Rule 4, 28 U.S.C. foll. § 2254. The Court has screened the Petition under Rule 4. For the reasons explained below, it appears that the Court must dismiss the Petition because Petitioner seeks to have this Court interfere with ongoing state judicial proceedings.

   A. **Younger v. Harris Directs that the Court Abstain from Interfering with Ongoing State Criminal Proceedings Absent Extraordinary Circumstances Not Apparent in this Case**

   Except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971); see also 28 U.S.C. § 2283. Younger directs that federal courts abstain from addressing asserted violations of federal constitutional rights where: (1) state judicial proceedings are still pending; (2) the state proceedings implicate important state interests; (3) the state proceedings offer an adequate opportunity to raise constitutional claims; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state proceedings. See Bean v. Matteucci, 986 F.3d 1128, 1133-34 (9th Cir. 2021) (discussing Younger criteria); Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (same); see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982) (same). When all of the Younger criteria are met, a court must abstain and dismiss the federal action without prejudice, absent extraordinary or special circumstances which pose a great and immediate threat of irreparable injury. See Younger, 401 U.S. at 43-56; see also Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n.22 (1976) (Younger abstention is not discretionary once conditions met); Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992) (Younger requires courts to abstain and dismiss federal actions that seek to enjoin state proceedings "unless one of the recognized exceptions to Younger is present"), cert. denied, 506 U.S. 1054 (1993); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) ("Younger abstention requires *dismissal* of the federal action.") (citations omitted, emphasis in original). In this case, all of the Younger criteria are satisfied.

   First, it is apparent from the Petition that Petitioner's state criminal proceedings are ongoing. See Dkt. 1 at 2 (noting Petitioner is awaiting trial); see also Beltran, 871 F.2d at 782 (for purpose of Younger abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed"). Petitioner's state court docket notes that Petitioner has been arraigned, has had several hearings related to his competency to stand trial, and has a hearing set for August 19, 2025. See Docket in LASC Case No. 24VWCF01950, available online at https://www.lacourt.org/criminalcasesummary/ui/ (last visited June 20, 2025).

   Second, the state has an important interest in protection of the public and in the fair adjudication of Petitioner's criminal charges. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citing Younger).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-03518-ODW-AS | Date | June 24, 2025 |
|---|---|---|---|
| Title | *Abraham Moses v. State of California Attorney General* | | |

    Third, although Petitioner is proceeding *pro se* before this Court, it appears that he has counsel in his state court proceedings capable of presenting his constitutional claims in those proceedings. See Docket in LASC Case No. 24VWCF01950; see generally Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary). Petitioner also may challenge his incompetency finding by direct appeal. See People v. Fields, 62 Cal. 2d 538, 540 (Cal. 1965) (an order committing a defendant charged with a crime for treatment until mental competency is restored is appealable). There are no specific allegations in this case suggesting that the California state court system is biased against Petitioner's federal claims such that he effectively has no opportunity to litigate his constitutional claims. Compare Gibson v. Berryhill, 411 U.S. 564, 577 (1973) (Younger dismissal "presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved"; predicate for a Younger dismissal is lacking where state adjudicator is biased to resolve the issues before it).

    Fourth, as Petitioner appears to seek his release from custody and otherwise challenges his ongoing competency proceedings (Dkt. 1 at 2-3), abstention is appropriate because he effectively seeks to enjoin the ongoing state proceedings.

    Finally, the Petition does not allege facts suggesting extraordinary or other circumstances which would warrant federal intervention. See Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. Montana, 626 F.2d 82 (9th Cir.) (petitioners had not demonstrated the type of special circumstances warranting federal intervention prior to trial for exhausted pretrial speedy trial claim). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in state courts." See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).

    For this Court to interfere with Petitioner's ongoing state proceedings, Petitioner must show: (1) that he would suffer irreparable harm that is "both great and immediate" if the federal court declines jurisdiction; (2) that there is bad faith or harassment, on the part of California, in prosecuting him; or (3) that the California state court system is biased against Petitioner's federal claims such that he effectively has no opportunity to litigate his constitutional claims. See Middlesex, 457 U.S. at 435 (federal court should abstain from interfering with state court proceedings "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate"); Perez v. Ledesma, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be show is federal injunctive relief against pending state prosecutions inappropriate."); Younger, 401 U.S. at 46, 49 (federal courts may not enjoin state criminal actions unless extraordinary circumstances suggest the threat of irreparable loss is both "great and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-03518-ODW-AS | Date | June 24, 2025 |
|---|---|---|---|
| Title | *Abraham Moses v. State of California Attorney General* | | |

immediate"); see also Gibson v. Berryhill, 411 U.S. at 577. Petitioner must provide more than conclusory assertions of bias, bad faith, and/or harassment – he must present specific factual allegations that support a reasonable inference that bias, bad faith, and/or harassment is present. See Canatella v. California, 404 F.3d 1106, 1112 (9th Cir. 2005) ("With respect to bias, Bendel fails to offer any 'actual evidence' to overcome the 'presumption of honesty and integrity in those serving as adjudicators.'") (citations omitted); Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003) ("In the absence of any *evidence* of bad faith, such as bias against Plaintiff, or of a harassing motive, no exception to the application of Younger abstention is warranted.) (emphasis added); Collins v. Kendall Cnty., Ill., 807 F.2d 95, 98 (7th Cir. 1986) ("A plaintiff asserting bad faith prosecution as an exception to Younger abstention must allege specific facts to support an inference of bad faith. The Younger rules. . . requires more than a mere allegation and more than a conclusory finding to bring a case within the harassment exception.") (citations and internal quotation marks omitted), See also Schwartzmiller v. Roberts, 62 F.3d 1425 (9th Cir. 1995) (unpublished) ("assertions of bad faith or harassment are insufficient if they are conclusory and unsupported by specific facts") (citing Roberts v. Carrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

Petitioner alleges that various officials involved with his state court proceedings have ignored his nationality/status by refusing to "run or acknowledge" his only form of identification (i.e., his passport), and have falsely classified him as incompetent to stand trial against professional doctors' opinions. (Dkt. 1 at 3). Petitioner has checked boxes on his Petition indicating that officials involved with his case have exhibited bias or animus toward him because of his race, ethnicity, or national origin, and have used racially discriminatory language during his in-court trial proceedings. (Id. at 7). He has not provided any specific factual allegations suggesting any bad faith, harassment, or bias. (Id.). Petitioner's conclusory and unsupported allegations fall short of the showing required for this Court to interfere with his state court proceedings.

Because the relief petitioner seeks would interfere with the state court's proceedings, and because it appears that no exception to Younger exists in this case as currently alleged, abstention applies, and the Petition and this action should be dismissed without prejudice.

**B. Order to Show Cause**

Rather than dismiss the action under Rule 4, the Court will give Petitioner an opportunity to explain why Younger abstention should not apply to his case. Petitioner is directed to submit a supplemental statement to the Court (not to exceed 10 pages excluding attachments) by or before **July 24, 2025**. Petitioner's statement should include sufficient specific factual allegations to permit a plausible inference that Petitioner satisfies one of the three exceptions to the Younger doctrine – that is, (1) great and immediate irreparable harm; (2) bad faith or harassment; or (3) bias.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-03518-ODW-AS | Date | June 24, 2025 |
|---|---|---|---|
| Title | *Abraham Moses v. State of California Attorney General* | | |

    Failure to submit a timely response to this Order may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). If Petitioner no longer wishes to pursue this action, he may request a voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.

* * *

    The Court directs the Clerk to serve the petition and supporting materials on the California Attorney General. The assigned Deputy Attorney General will file a notice of appearance within 14 days. However, **no response from the Attorney General will be required** until further notice from the Court.

    **IT IS SO ORDERED.**

00:00<br>AF